UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

EL CAMINO RESOURCES, LTD., a
California corporation; ePLUS GROUP,
INC., a Virginia corporation; and BANK
MIDWEST, N.A., a national banking
association,

        Plaintiffs,

    v.

THE HUNTINGTON NATIONAL BANK,
a national banking association,

        Defendant.

Case No. 1:07-cv-598

Hon. Janet T. Neff

Mag. Judge Joseph G. Scoville

**BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DISCOVERY
DATED FEBRUARY 14, 2008**

---

## INTRODUCTION

On December 7, 2007, Plaintiffs' Requests for Production of Documents were served (attached hereto as Exhibit 1). Answers were filed on January 14, 2008.[1] To date, not one single document has been produced by Huntington in this matter.[2] Even where Huntington has expressed a willingness to produce documents they are limited to a selected universe of its choosing (as opposed to the full scope of documents actually

---

[1] Plaintiffs agreed to a one-week extension on the deadline for Defendant's responses. On the agreed date, January 14, 2007, Defendant served written responses & objections (Exhibit 2), but none of the documents requested by Plaintiffs.

[2] After serving Huntington with a copy of this motion under L. Civ. R. 7.1(d), Huntington agreed to produce documents responsive to requests 19, 23 and 26 by February 15, 2008. Since that conference, a Protective Order was entered by the Court on February 13, 2008 eliminating any barrier to documents requested under Nos. 1-6, 10-13 and 20. Plaintiffs have demanded immediate production of these documents but as of this filing, none have been provided. Defendant has also failed to produce any documents under its Fed. R. Civ. P. 26(a)(1)(ii) disclosure.

requested by Plaintiffs).   Depositions are set to commence February 20, 2008 and Plaintiffs are entitled to immediate production of the documents described in each of the narrowly crafted and focused requests for production.

Defendant's recalcitrance with regard to the discovery process is further demonstrated by its assertion of a series of obtuse "Preliminary Statements" that are not specific enough in themselves to qualify as cognizable objections.   Nor are these statements tied in a specific way to any particular request so that their propriety as an objection to a particular request can be determined.   *Instead, Plaintiffs are left with the uncertainty that documents are being withheld based upon these "Preliminary Statements."* Illustrative of Defendant's improper use of these is Preliminary Statement No. 3 in which Defendant cites to a prior production, using it like a "get out of jail free" card. Because Huntington does not tie Preliminary Statement No. 3 to any particular request, provide an identification by bates range or other identification protocol of the previously produced documents and a representation that all responsive documents have been previously produced, the spectre remains that Huntington is holding back information or as important has not undertaken the due diligence to find responsive documents.

Indeed, this fear is fueled by Huntington's unilateral reforming of Plaintiffs' discovery requests—narrowing their scope and shifting their intended target of discoverable materials—in an entirely improper manner, not cognizable under the federal rules.   It is this tactic, combined with Huntington's refusal to produce even

those documents encompassed by the discovery requests to which there is no objection that has necessitated the filing of the present Motion.

ARGUMENT

I.      HUNTINGTON REFUSES TO PRODUCE RESPONSIVE, RELEVANT DOCUMENTS WHILE RECITING NO VALID OBJECTIONS

      A.      **Huntington Fails to Produce Even Documents It Has Agreed to Produce.**

            i.      **Requests 19, 23 and 26.**

In response to Plaintiffs' Requests 19, 23 and 26, Huntington responded that it would "produce documents that are responsive to this request at a mutually agreed upon time and place." (Ex. 2.) Huntington did not object to these requests in any way, and did not qualify production of the responsive documents in any way. Yet, in spite of Plaintiffs' request of January 28, 2008 that Huntington produce the documents immediately via hand delivery, Huntington has produced nothing to date. *See* Ex. 3, attached hereto, Plaintiffs' letter dated January 23, 2008. As such, the Court should order Huntington to produce the responsive documents it has pledged to provide to Plaintiffs within seven (7) business days.

            ii.      **Request 1-6, 10-13 and 20:  Entry of Protective Order.**

Huntington withheld production of the documents described in requests 1-6, 10-13 and 20 based upon the need for a Protective Order. A Protective Order was entered February 13, 2008. Plaintiffs immediately requested prompt production of documents that were the subject of request nos. 1-5 by February 15, 2008, which directly relate to the subject matter of depositions set for February 20, 2008. Huntington has not

responded.  Plaintiffs are entitled to immediate production of these documents.

### B.   Defendant's Policies and Protocols Regarding Suspicious Activity Reports are Discoverable.

In response to Plaintiffs' Requests numbered 22 and 25, Huntington recites blanket objections as the basis for its unwillingness to provide any documents whatsoever.  (*See* Def.'s Responses to Pls.' Req. for Prod. of Documents, attached hereto as Exhibit 2.)[3]

Plaintiffs' Request 22 reads:

> Please produce all manuals, videos, pamphlets, or other documents related to Huntington's employee training on its protocol and procedures for generation, maintenance and submission of Suspicious Activity Reports ("SARs").

(Ex. 1 at 8.)

Huntington responded:

> Huntington objects to this request because it seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.  Huntington further objects because the request is not reasonably limited in subject matter or temporal scope.  Further, see the above preliminary statements.[4]

---

[3] In an effort to resolve these areas of disagreement Plaintiffs' counsel directed a letter dated January 23, 2008 detailing the deficiencies treated in this motion and brief.  (Ex. 3.)  In addition, as noted earlier, counsel met and conferred face-to-face.  The product of that meeting is reflected in Exhibits 4 and 5. Huntington did not respond to either Exhibit 4 or 5.

[4] Huntington implies an objection by reference to "see the above preliminary statements" in response to Request 22.  The "preliminary statements" of Defendant's Responses to Plaintiffs' Request for Production of Documents do not support any cognizable objection, stated or otherwise.  As discussed herein, contrary to the assertion of Defendant's second "preliminary statement," the fact that banking regulations limit discovery of SARs and information that would disclose that a SAR has been prepared or filed, does not render undiscoverable *every* document relating to Huntington's policies and procedures for the general creation and filing of SARs, or documents related to Huntington's investigations of suspicious activity that may or may not have triggered the creation or filing of SARs.

(Ex. 2 at 11.)

Huntington's response ignores that the scope of discovery under the Federal Rules of Civil Procedure is broad, allowing "discovery regarding *any* nonprivileged matter that is relevant to any party's claim or defense .... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b) (emphasis added). Huntington's policies and protocols regarding Suspicious Activity Reports ("SARs") are directly relevant to Plaintiffs' claims *and* are likely to lead to the discovery of admissible evidence.

Indeed, Huntington's implemented policies reflecting anticipated responses and investigations required to unearth suspicious banking activity could not be more relevant to this case, in which the Plaintiffs allege that Huntington knew of illegal conduct by Cyberco, its customer, and took steps to minimize its own exposure at Plaintiffs' expense. Huntington's protocols and policies regarding generation, maintenance and submission of SARs will tell us a good deal about the steps Huntington should have taken or failed to take to identify and stop the illegal activity of Cyberco (money laundering) which directly and proximately harmed Plaintiffs. *Echelon Hines, LLC v. Carter Lumber Co.,* 261 Mich. App. 424, 445-6, 683 NW2d 171 (2004), Rev'd on other grounds, 472 Mich. 192 (2005) (negligence in acting or failing to act is evidence of "substantial assistance"); *See* also *Aetna Casualty and Surety Co. v. Leahey Construction Co., Inc.,* 219 F.3d 519 (6th Cir. 2000) (engaging in atypical transactions may

lead to aider and abettor liability), applying Ohio law on aiding and abetting.

Further, factual documents and internal bank records which give rise to investigation of suspicious conduct are unquestionably relevant *and* discoverable. *Cotton v. Privatebank & Trust Co.*, 235 F. Supp. 2d 890, 815 (N.D. Ill. 2002) (discussing production of SARs related materials: "The first category represents the factual documents which give rise to suspicious conduct. These are to be produced in the ordinary course of discovery …"); *see also, Weil v. Long Island Sav. Bank*, 195 F. Supp. 2d 383, 389 (E.D.N.Y. 2001) ("In most cases, however, the disclosure of supporting documentation would not reveal the filing of a SAR, and such documentation cannot be shielded from otherwise appropriate discovery simply because it has some connection to a SAR.")

As such, Plaintiffs respectfully request that the Court order production of the documents requested in no. 22 within seven (7) days.

### C. Defendant's Interactions with Regulatory Authorities are Discoverable.

Plaintiffs' Request 25 reads:

> For the time period 2002 through 2005, please produce all documents relating to any results of examinations by federal and state banking regulators, and/or any written agreements between Huntington and bank regulatory officials concerning AML compliance.

(Ex. 1 at 9.)

Huntington responded:

> Huntington objects to this request on the grounds that it seeks irrelevant information and information not reasonably calculated to lead to admissible evidence. Huntington further objects because the request is

not reasonably limited in temporal scope.  The request is also vague and overly broad on its face.

(Ex. 2 at 12.)

Huntington's regulatory record concerning anti-money-laundering compliance during the specified years is directly relevant to Plaintiffs' claims.  Defendant's position that this request seeks irrelevant information is unsustainable; if the requested documents show, for example, compliance, lack of compliance, regulatory infractions, reprimands or deals struck with regulators regarding AML procedures, that information is unquestionably relevant.  *See Echelon, supra*.  Further, the Request is narrowly tailored.  Plaintiffs' request is not calculated to require production of *all* of Huntington's regulatory records; only those documents that specifically relate to AML compliance, agreements, regulatory examinations and results thereof during the timeframe relevant to Plaintiffs' claims.

The Court should thus order Huntington to produce the documents responsive to no. 25 within seven (7) days.

## II.   HUNTINGTON'S RESPONSES ATTEMPT TO REWRITE THE SCOPE OF THE REQUEST

Many of Huntington's responses to Plaintiffs' Requests are akin to answering the question the Defendant *wishes* had been asked, rather than the question *actually* asked. Rewriting the Requests for Production of an opposing party by responding to an unasked request that is narrower in scope is inappropriate under any reading of the Federal Rules.  Further, after narrowing the scope of the requests, while Huntington expresses a willingness to produce the select portion of the responsive documents,

Plaintiffs have yet to receive *any* documents from Huntington in this matter, even after a specific demand for immediate delivery of the data on January 28, 2008. This type of response abounds in Defendant's Responses, and includes the following specific examples. [5]

### A.   Defendant's Response Changes Plaintiffs' Request from "All Documents" to "Documents Sufficient."

Plaintiffs' Request 20 reads:

Please produce *any and all* documents, including but not limited to brochures, manuals, and/or user guides, identifying all proprietary software necessary to run, review and/or analyze the NSF activity reports and data electronically created and stored by Huntington.

(Ex. 1 at 8.)

Huntington responded:

Huntington objects to this request because it is vague and ambiguous because the request could be read to seek all Huntington proprietary software necessary to review any electronic data created and stored by Huntington. Huntington further objects because the request is not reasonably limited in subject matter or temporal scope and seeks documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Huntington further objects to this request because it seeks information that is highly confidential and proprietary to Huntington. Subject to and without waiving the foregoing objections, Huntington will produce *documents sufficient* to identify the software for 2002-2004 at a mutually agreed upon time and place subject to an appropriate protective order.

(Ex. 2 at 10-11.)

---

[5] The responses to Plaintiffs' Requests numbered 2, 6, 8, 11, 15, 16, 17, 18, 20, 21 and 24 fall into this category.

Plaintiffs are entitled to the full set of documents responsive to their requests, not to an entirely different set defined by Defendant. Huntington's unilateral substitution from "any and all documents" to "documents sufficient" in Requests 8, 17, 18 and 20 materially changes those Requests, injecting a subjective judgment by Huntington in place of the full disclosure Plaintiffs have requested, and to which Plaintiffs are entitled.

**B.**    **Defendant's Response Changes Requests Directed to "Investigation of Irregular or Potentially Improper Activity" to "The Types of Transactions Engaged in by Cyberco."**

Plaintiffs' Request 6 reads:

> Please produce *any and all documents* reflecting Huntington's operational procedures, protocols, manuals, pamphlets or other information reflecting or relating to Huntington's policies for the detection and investigation of *irregular or potentially improper banking activity* during the period of 2002 to 2005.

(Ex. 1 at 5.)

Huntington responded:

> Huntington objects to this request because it is overbroad and not reasonably limited in temporal scope because it seeks documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence. Huntington further objects to this request because it seeks information that is confidential and proprietary to Huntington. Huntington further objects because "irregular or potentially improper" activity is vague and unclear. Subject to and without waiving the foregoing objections, Huntington will produce documents responsive to this request for 2002-2004 that relate to *the types of transactions engaged in by Cyberco* at a mutually agreed upon time and place subject to an appropriate protective order.

(Ex. 2 at 5.)

Huntington's Response not only narrows the scope of Plaintiffs' stated Request, it completely changes the character of the Request.  Rather than producing the documents requested or forming a cognizable objection, Defendant attempts to produce only the particular materials *it deems* discoverable based on its *subjective assessment*. Huntington's procedures, protocols and other related documents with respect to irregular and improper banking activity are relevant in this case regardless of whether Cyberco engaged in those particular activities (or activities of those "types" as defined by Defendant).  Defendant's objections are baseless, its redrafting of this Request is improper, and this Court should compel responses within seven (7) days.

### C.      Defendant Improperly Carve Out Investigative Materials and Other Documents Requested Under the Guise of "Preliminary Statements."

Plaintiffs are entitled to full and complete responses to properly served written discovery.  Fed. R. Civ. P. 34(b)(2)(B).  The only cognizable exception is the assertion of specific objections.  Fed. R. Civ. P. 34(b)(2)(C).  Defendant's responses made subject to its "Preliminary Statements" and which purport to circumscribe the scope of the production of documents do not comport with the federal rules.

Two illustrations of how the "Preliminary Statements" operate to improperly deny Plaintiffs' right to full and complete answers make the point.  First, Defendant's *rewriting* of Plaintiffs' request to exclude "responsive documents previously produced" is not only improper but obtuse.  Nowhere in the answer to any requests does Defendant signal it has previously produced specific responsive documents or identify them by bates numbers or other identifying protocol and specify the date produced.

Nor is there any representation that the universe of documents previously produced is "all" of the documents responsive to the request.

In addition, its global redefining of the requests in "Preliminary Statement No. 2" as excluding any documents "prepared ... for the purpose of investigation" on the theory that their disclosure is prohibited under 12 CFR § 21.11(k) is an overly broad reading of that regulation and the cases interpreting it.[6]  *See* discussion, *supra* at 5-6. Read in tandem with Plaintiffs' requests 5, 14, 15, 16, 19, 21, 23, 24, and 25, "Preliminary Statement No. 2" is being used to sanitize production of investigative materials that go to the heart of Plaintiffs' aiding and abetting claims.

Finally, reliance on each of these "Preliminary Statements" also runs afoul of Plaintiffs' right to a specific objection to a specific request.  Failure to provide such objections with specificity denies Plaintiffs and the Court of the ability to assess the propriety of Defendant's position.  As such, these "Preliminary Statements" are not proper objections under Fed. R. Civ. P. 34(b)(2)(C) and any reliance upon them by Defendant cannot be the basis for withholding requested documents.

---

[6] Further, to the extent that Huntington asserts that it may withhold internal banking records and factual documents which supported investigations of suspicious banking activity on the basis that they are related to the creation and filing of SARs, this assertion is baseless.  *See Weil, supra; U.S. v. Holihan,* 248 F.Supp.2d 179 (W.D.N.Y. 2003).

For all of the foregoing reasons, Defendant's assertions of the "Preliminary Statements" as a basis for withholding documents is not cognizable under Rule 34. *See Sabol v. Brooks*, 469 F.Supp. 324, 328-29 (D. Md. 2006); *see also Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 242 F.R.D. 1, 12 (D.C.C. 2007).

The above examples are indicative of the global "sleight of hand" strategy Defendant employs in its responses, which alter, narrow or recast Plaintiffs' Requests. These attempts to restrict the information available to Plaintiffs based on an unknown and subjective criteria are impermissible, and the Court should thus order the production of any and all documents responsive to Request Nos. 2, 6, 8, 11, 15, 16, 17, 18, 20, 21 and 24 *as written* within seven (7) days.

III.    HUNTINGTON'S RESPONSES ATTEMPT TO NARROW THE TIME FRAMES SPECIFIED IN PLAINTIFFS' REQUESTS

Huntington also impermissibly attempts to avoid producing any documents created in the years 2001 and 2005, and does so by recasting the time frames specified in Plaintiffs' Requests, despite explicit language in the requests specifying 2001-2005 in some cases and 2002-2005 in others.  Huntington oversteps its bounds in refusing to produce the documents at issue.

Huntington responds to Plaintiffs' Requests numbered 1-5, 7, 10, 12-14, 16, 18 and 20 by unilaterally restricting the specified time period of the Request.[7]  For example, Plaintiffs' Request 8 reads:

---

[7] During the meet and confer conference on February 11, 2008, Huntington did agree to waive any limitations with respect to 5, 14, and 16.  No documents, however, have been produced to date.

8.     Please produce all documents describing, listing or otherwise relating to staff positions within Huntington's AML Compliance Office from 2002 through 2005, including, but not limited to, those reflecting job titles, job descriptions, and performance evaluation.

**RESPONSE:**

Huntington objects to this request because it is overbroad and not reasonably limited in temporal scope or in subject matter.  The request seeks documents that are not relevant or reasonably likely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Huntington will produce sufficient documents to evidence the positions, job titles, and job descriptions in its AML Compliance Office for **2002-2004** at a mutually agreed upon time and place.

(Ex. 2 at 4.)  Huntington's boilerplate objections to the Requests at issue do nothing to explain its redrafting of Plaintiffs' Requests, which are already sufficiently narrow in scope and timeframe and seek relevant, discoverable material that is calculated to lead to the discovery of admissible evidence.[8]  Further, Defendant's unilateral modification of the dates specified in the Request is antithetical to the policy of broad and fair disclosure of discoverable materials envisioned in the Federal Rules.  Plaintiffs request that the Court compel Huntington to respond fully to the requests asked without making unilateral revisions to the stated time periods of the requests.

---

[8] With regard to the example cited (Request for Production 8), it is beyond question that Huntington's internal investigations and assessments in 2005 following the collapse of Cyberco are relevant to Plaintiffs' claims, including any evaluation of the AML (Anti-Money Laundering) compliance officer or the AML department personnel.  Huntington's arbitrary and unilateral reformation of Plaintiffs' request is without justification, as is the case with each interrogatory reframed by Huntington.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court compel full responses to Plaintiffs' Requests for Production of Documents Dated December 7, 2007 by defendant Huntington, including actual production of the documents requested, within seven (7) days of the Court's Order.

Respectfully submitted,

DATED:  February 14, 2008

/s/ John E. Anding
John E. Anding (P30356)
**DREW, COOPER & ANDING**
Attorneys for Plaintiffs
El Camino Resources, Ltd. and
ePlus Group, Inc.
Ledyard Building, Suite 300
125 Ottawa Avenue, NW
Grand Rapids, Michigan  49503
Telephone:  (616) 454-8300
Facsimile:  (616) 454-0036
Email:  janding@dcadvocate.com

John A. Graham (Bar No. 71017)
JEFFER, MANGELS, BUTLER & MARMARO LLP
Attorneys for Plaintiff El Camino Resources, Ltd.
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California  90067-4308
Telephone:  (310) 201-3523
Facsimile:  (310) 712-8523
Email:  jag@jmbm.com

Raynor D. Zillgitt, Jr. (P39824)
WILLINGHAM & COTE, P.C.
Attorneys for Plaintiff Bank Midwest, N.A.
333 Albert Avenue, Suite 500
East Lansing, Michigan  48823
Telephone:  (517)324-1079
Facsimile:  (517)351-1195
Email:  rzillgitt@willinghamcote.com

Douglas M. Neeb
Senior Litigation & Employment Counsel
Attorney for Plaintiff Bank Midwest, N.A.
DICKINSON FINANCIAL CORPORATION
1100 Main Street, Suite 350
Kansas City, Missouri 64105
Telephone: (816) 412-6006
Facsimile: (816) 412-2006
Email: dneeb@dfckc.com

Duane L. Coleman
LEWIS, RICE & FINGERSH, L.C.
Attorney for Plaintiff Bank Midwest, N.A.
500 North Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone: (314) 444-7600
Facsimile: (314) 241-6056 (Fax)
Email: dcoleman@lewisrice.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2008, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/ John E. Anding
John E. Anding
DREW, COOPER & ANDING, P.C.
Attorneys for Plaintiffs
El Camino Resources, Ltd.
and ePlus Group, Inc.
Ledyard Building, Suite 300
125 Ottawa Avenue, NW
Grand Rapids, MI 49503
(616) 454-8300
(616) 454-0036
janding@dcadvocate.com
(P30356)

I:\saj\2827-01 El Camino\BIS mot compel (v2)