UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| EL CAMINO RESOURCES LTD., et al, ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:07-cv-598 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| THE HUNTINGTON NATIONAL BANK, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendant. ) | |
| _____) | |

This is a civil action falling within the court's diversity jurisdiction. The case is one of the many criminal, civil, and bankruptcy actions arising from the massive Cyberco fraud. On June 22, 2007, El Camino Resources, Ltd. ("El Camino"), ePlus Group Inc., and Bank Midwest filed this lawsuit in the Western District of Michigan against defendant The Huntington National Bank ("Huntington") seeking damages in excess of $ 30 million. Plaintiffs El Camino and ePlus Group, Inc. are computer leasing companies that engaged in commercial transactions with Cyberco: El Camino purchased over $11.5 million in computer equipment and ePlus Group over $14.5 million in computer equipment for purposes of leasing the equipment to Cyberco. Plaintiff Bank Midwest is a national banking association that entered into a secured loan transaction with Cyberco in 2004 for $4.925 million. All three plaintiffs allege that they were the victims of fraud by Cyberco and that defendant Huntington, Cyberco's principal financial institution and depository, aided and abetted Cyberco's fraud.

On May 23, 2008, defendant Huntington filed a notice of the deposition of Mr. Austin Wong for June 24, 2008 at 9:00 a.m. in Grand Rapids Michigan at the offices of Drew Cooper & Anding. (docket # 213). On May 30, 2008, El Camino filed a motion under Rule 26(c) of the Federal Rules of Civil Procedure for a protective order asking the court to order that "the deposition of Plaintiff El Camino's Chief Financial Officer, Austin Wong, be conducted in Los Angeles California either at El Camino's principal place of business in Los Angeles, California or at its counsel's office located in Los Angeles, California." (Motion, docket # 224). El Camino argues (1) that there is no "fixed rule" requiring that Mr. Wong's deposition take place in the forum where El Camino filed this lawsuit; (2) that requiring Mr. Wong to appear in Grand Rapids, Michigan for his deposition will cause undue burden and disruption of El Camino's business; and (3) that El Camino had "no option of a more proximate forum." (El Camino's Brief at 2-6, docket # 225).

El Camino's exhibit in support of the motion for a protective order is a May 30, 2008 declaration by Austin Wong.[1] (Wong Decl., docket # 225, Ex. 1). Mr. Wong states, "There are only 2 senior officers who can direct the business activities of El Camino -- David Harmon, the president, and myself, Austin Wong, Chief Financial Officer. Since Mr. Harmon plans on attending the deposition as El Camino's corporate representative it will be a hardship for both senior officers to be drawn away from the Chatsworth, California office." (*Id.* ¶ 5). Although El Camino has local counsel, Mr. Wong states that "traveling to Grand Rapids will simply increase El Camino's costs

---

[1] The last paragraph of Mr. Wong's declaration is a procedurally deficient prayer for relief rather than a declaration of facts: "El Camino respectfully requests that the deposition of Austin Wong *and any other El Camino officers or employees* be conducted either at Mr. Graham's Century City office or El Camino's Chatsworth office, with the location to be selected by El Camino's lawyers." (Wong Decl., ¶ 10)(emphasis added). This attempt to expand El Camino's prayer for relief beyond its motion for a protective order regarding Mr. Wong's deposition is improper, and it has been disregarded.

because [California Attorney John A.] Graham will also have to travel to Grand Rapids." (*Id.* ¶ 9). Mr. Wong declares that El Camino is a "small leasing company" with an office in Chattsworth California, a sales office in Colorado, and that its "salesmen maintain home offices in Georgia, Florida, Massachusetts and New York." (*Id.*, ¶ 4). He states that Michigan was selected as the forum for this lawsuit because "Grand Rapids was the headquarters of Cyberco . . . . Grand Rapids is where most of the criminal conduct occurred and is the location where Huntington National Bank provided Cyberco with banking services." (*Id.*, ¶ 8).

Huntington argues in its brief (docket # 232) that the deposition of an officer of a corporate plaintiff generally occurs in the district in which the plaintiff filed the lawsuit, and that El Camino has not shown the undue burden or expense necessary for this court to exercise its discretion and order a departure from the general rule. Huntington has never demanded that Mr. Harmon be present during Mr. Wong's deposition. Mr. Harmon's presence is a matter of convenience and choice for El Camino, and he could "listen by phone if he wishes." (Def. Brief at 3-4). Huntington argues that the potential for disruption of El Camino's business has been exaggerated. (*Id.* at 4). El Camino elected to enter into substantial contracts with Grand Rapids-based Cyberco. Plaintiff voluntarily chose to conduct the business that gave rise to the present litigation in this forum, and El Camino is actively engaged in other litigation within the Western District of Michigan. (*Id.* at 5-6).

For the reasons set forth below, El Camino's motion for a protective order will be denied.

**Applicable Standards**

The decision to grant a motion for a protective order is within the sound discretion of a trial court. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir.1996); *see also Great Lakes Exploration Group, LLC v. Unidentified Wrecked & (For Salvage-Right Purposes) Abandoned Sailing Vessel*, 522 F.3d 682, 687-88 (6th Cir. 2008)("[W]e apply the abuse-of-discretion standard to review the denial of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure."). Rule 26(c)(1) of the Federal Rules of Civil Procedure authorizes a party or any person from whom discovery is sought "to move for a protective order in the court where the action is pending . . . ." FED R. CIV. P 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *Id.* The burden of establishing good cause for a protective order rests with the party seeking the protection. *Nix v. Sword*, 11 F. App'x. 498, 500 (6th Cir.2001)(citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir.1973)). The potential for annoyance, embarrassment, oppression, or undue burden or expense "must be illustrated with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)(quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981)); *see Nix v. Sword*, 11 F. App'x. at 500 ("To show good cause, a movant for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements.").

**Discussion**

This is a dispute between corporate parties over the location of the deposition of Mr. Austin Wong, one of plaintiff El Camino's corporate officers. Huntington has the right to make the initial choice regarding the location of Mr. Wong's deposition. "[T]he examining party may set the place for deposition of another party[2] wherever he or she wishes, subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, RICHARD L. MARKUS, FEDERAL PRACTICE & PROCEDURE § 2112 at 73 (2d ed. 1994); *see Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 382 (M.D.N.C. 1988)("A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), Fed.R.Civ.P., designating a different place.").

El Camino has the burden of showing "good cause" why Mr. Wong's deposition should not take place in Michigan. Ordinarily, the plaintiff, having selected the forum, "will not be heard to complain about having to appear there for deposition." *United States ex rel. Alan Ritchey, Inc.*, No. C 00-2191, 2008 WL 859458, at * 1 (W.D. Wash. Feb. 27, 2008); *see* FEDERAL PRACTICE & PROCEDURE § 2112 at 75-77)(As a general rule, a plaintiff is required to make itself available for examination in the district in which it brought suit, because, having selected the forum, plaintiff will not be heard to complain about having to appear there for a deposition.). The general rule can be

---

[2]"Under Rule 30(b)(1) it is well established that if a corporation is a party, the notice compels it to produce any officer, director or managing agent named in the deposition notice. It is not necessary to subpoena such individual[s]." *Cadent, Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 627 n.1 (C. D. Cal. 2005); *see Maples v. Wellington Capital Group*, No. 8:07cv77, 2008 WL 624471, at * 3 (D. Neb. Mar. 4, 2008)(collecting cases); *JSC Foreign Economic Ass'n Technostyroexport v. Int'l Dev. & Trade Servs., Inc.*, 220 F.R.D 235, 237 (S.D.N.Y. 2004).

overcome by a showing of "good cause" under Rule 26(c). El Camino argues that it had "no option of a more proximate forum" because "the bulk of Cyberco's criminal activities occurred in Grand Rapids, and almost all of the key bank officers that worked on the Cyberco accounts are located in Grand Rapids." (Plaintiff's Brief at 5). Courts have sometimes viewed a plaintiff's choice of forum as a less weighty consideration if the plaintiff had no choice of the forum from the outset. *See Ward v. LaClaire*, No. 9:07-cv-26, 2008 WL 1787753, at * 5 (N.D.N.Y. 2008); *Operative Plasterers' & Cement Masons' Int'l Ass'n v. Benhjamin*, 144 F.R.D. 87, 91 (N.D. Ind. 1992). However, El Camino's emphasis that this lawsuit could only have been brought in the Western District of Michigan is a double-edged sword. El Camino chose to conduct its multi-million dollar business transactions with Grand Rapids-based Cyberco. El Camino cannot claim unfairness or surprise in having the deposition of one of its corporate officers held in Grand Rapids, Michigan after the failure of such a business venture results in litigation. Furthermore, in every case, regardless of whether the lawsuit could have been filed in more than one forum, the plaintiff makes the primary choice of whether to bring suit or not, and thus makes a choice of forum. *See Minnesota Mining & Mfg. Co. v. Dacar Chem. Prods. Co.*, 707 F. Supp. 793, 795 (W.D. Pa. 1989).

Plaintiff relies on a principle that some cases have labeled a "presumption" that the deposition of a corporate officer take place at the corporation's principal place of business. (El Camino's Brief at 3). "Courts have often loosely referred to a 'presumption' that the deposition of a corporation should be taken at its principal place of business." *New Medium Tech. LLC v. Barco N.V.*, 242 F.R.D. 460, 466 (N.D. Ill. 2007). Few courts using the presumption label have attempted to identify the type of presumption with any precision. *Id.* (observing that "there are varying kinds of presumptions," including bursting bubble, permissive, and mandatory rebuttable presumption[s])

-6-

(citing *United States v. Wurzinger*, 467 F.3d 649, 651 (7th Cir. 2006)). The breadth of the court's discretion in specifying the time and place of any deposition has led other courts to characterize the purported presumption as "a kind of general rule that 'facilitates determination when other relevant factors do not favor one side over the other.'" *New Medium*, 242 F.R.D. at 466 (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997)). "But this is not a presumption at all. Indeed, it is the antithesis of a presumption." *New Medium*, 242 F.R.D. at 466.

Regardless of what label is applied, the preference for a corporation's principal place of business is relatively easy to overcome, particularly where, as here, the location of the deposition of a corporate plaintiff's officer is at issue. *Cadent Ltd*, 232 F.R.D. at 630. A number of factors have been identified that may assist the court in determining whether holding a deposition in a particular location poses an undue burden, including "the location of counsel for the parties in the forum district, the number of corporate representatives a party is seeking to depose, the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; whether the persons sought to be deposed often engage in travel for business purposes; and the equities with regard to the nature of the claim and the parties' relationship."[3] *Cadent Ltd. v. 3M*

---

[3] In *New Medium*, the court made the following observation regarding the court's exercise of discretion in deciding a motion for a protective order regarding the location of a deposition:

> The decision of where a deposition should occur is ultimately an exercise in the vast discretion a district court has in supervising discovery. *Cf. Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); Rule 26(c), Federal Rules of Civil Procedure. "'[D]iscretion denotes the absence of a hard and fast rule.'" *Langnes v. Green*, 282 U.S. 531, 541, 51 S.Ct. 243, 75 L.Ed. 520 (1931). *See also Pruitt v. Mote*, 472 F.3d 484 (7th Cir.2006); *Rogers v. Loether*, 467 F.2d 1110, 1111-1112 (7th Cir.1972) (Stevens, J.), *aff'd sub nom.*, *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974). Being a range, not a point, discretion allows two decision-makers on virtually identical facts to arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir.1995) *with United States v. Williams*,

*Unitek Corp.*, 232 F.R.D. at 629; *see Armsey v. Medshares Mgmt. Servs*., 184 F.R.D. 569, 571 (W.D. Va. 1998).

El Camino has not shown that conducting Mr. Wong's deposition in Grand Rapids would subject it to "undue burden or expense." Litigation by its very nature, and discovery in cases involving contested claims for millions of dollars by corporate parties in particular, impose significant burdens and expenses on the litigants. The standard established by Rule 26(c) is "undue burden or expense." FED. R. CIV. P. 26(c). The location of the attorneys for the parties is a "relevant consideration" *see Farquhar v. Shelden*,116 F.R.D.70, 72 (E.D. Mich. 1987), but here it is at best a neutral factor because both El Camino and Huntington have local counsel. Mr. Wong's declaration indicates that El Camino intends to bring Attorney Graham from California to Grand Rapids to attend Mr. Wong's deposition. El Camino does not suggest that its local counsel is incapable of representing El Camino's interests during Mr. Wong's deposition. The choice of whether to incur the additional expense of having Attorney Graham attend is up to El Camino.

El Camino's claims of potential business disruption are exaggerated and are largely founded on El Camino's plan to have Mr. Harmon be present at Mr. Wong's deposition. Huntington noticed only one deposition: Austin Wong's. Huntington has done nothing to require the presence of both El Camino's senior officers in Grand Rapids, Michigan on June 24, 2008. Whether El Camino will have both men physically present in Michigan is, again, El Camino's choice. Even

---

81 F.3d 1434 (7th Cir.1996). Or, as Judge Posner has put it, "[t]he striking of a balance of uncertainties can rarely be deemed unreasonable...." *United States v. Bullion*, 466 F.3d 574, 577 (7th Cir.2006). Thus, it is not surprising that each side is able to marshal cases that to some degree support its position. All are fact-intensive; none are outcome-determinative.

*New Medium*, 242 F.R.D. at 462-63.

assuming *arguendo* that both El Camino's senior officers would need to be physically present in Michigan for Wong's deposition, El Camino's claims of attendant potential for disruption of its business are overblown. Mr. Harmon and Mr. Wong undoubtedly have electronic means of staying in touch with El Camino's California office. It is extraordinarily unlikely that the two senior officers of a company with offices in six states, engaged in the business of leasing computers on a multi-million dollar basis, would lack the technological capacity to conduct video conferences or transmit documents between El Camino's principal place of business in Chattsworth, California and Grand Rapids, Michigan. Mr. Wong's declaration that he is "familiar with the logistics of flying to Grand Rapids from California" (Wong Decl. ¶ 5), suggests to the court that Mr. Wong is not a stranger to business-related travel. Grand Rapids, Michigan is not so remote a location that a round-trip excursion from California to Michigan to attend a deposition limited by Rule 30(d)(2) to "one day of seven hours" would reasonably be expected to consume "almost four full days" as Mr. Wong claims. (Wong Decl. ¶ 6).

El Camino asserts that the disruption of El Camino's business will be exacerbated by the three hour time difference between Michigan and California. The time difference is worth noting, but for a different reason. It has a significant adverse impact on this court's ability to intervene should a dispute arise during the course of Mr. Wong's deposition. The ability to intervene in the event of a dispute is among the most significant factors this court must consider. *See New Medium*, 242 F.R.D. at 467 (collecting cases). "[A]n antecedent history of contentiousness is sufficient, but not a necessary basis on which to require a deposition in a locale where judicial supervision will be available." *Id.* This case has already spawned an unusual need for the court's intervention on discovery matters. Discovery in this case continues to be contentious, as the court

presently has two more discovery motions set for hearing in the next week.  There is a significant likelihood that disputes will arise during Mr. Wong's depositions requiring immediate court intervention.  Consistent with the requirement of Rule 1 of the Federal Rules of Civil Procedure that the rules shall be construed an administered to secure the just, speedy, and inexpensive determination of every action, Mr. Wong's deposition will take place in Michigan, where the court is best able to assure all parties of an expeditious ruling on any dispute that may arise during the course of Mr. Wong's deposition.

In summary, the court finds that conducting the deposition of Mr. Wong in Michigan at the location, time, and date set forth in defendant's deposition notice would not subject El Camino to any undue burden or expense.  El Camino has not shown good cause necessary for the court to enter a protective order compelling the defendant to take Mr. Wong's deposition in California.

### **Conclusion**

For the reasons set forth herein, the court, in its discretion, will deny El Camino's motion for a protective order.

Dated:   June 20, 2008             /s/  Joseph G. Scoville
                                   United States Magistrate Judge