UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL CAMINO RESOURCES, LTD., et al.,

    Plaintiffs,        Case No. 1:07-cv-598

v.              HON. JANET T. NEFF

HUNTINGTON NATIONAL BANK,

    Defendant.
_____/


## OPINION

  Pending before the Court is Defendant's Motion for Judgment on the Pleadings as to Count 1 of the Complaint (Dkt 112).  Plaintiffs filed a response in opposition to the motion; defendant filed a reply; and plaintiffs filed a surreply with leave of the Court.  Defendant thereafter filed supplemental authority.  Pursuant to W.D. Mich. LCivR 7.2(d), the motion is decided without oral argument.  For the reasons that follow, the motion is denied.

### I.  Background and Facts

  This case is one of numerous legal actions stemming from the massive Cyberco fraud that led to criminal convictions of several individuals.  In a previous opinion on a motion to dismiss defense counsel, Magistrate Judge Scoville set forth in detail the case context and facts.  The following excerpts from that opinion provide a summary of this case:

    This is a civil action falling within the district court's diversity jurisdiction. The case is one of the many criminal, civil, and bankruptcy actions now pending in this court arising from the massive Cyberco fraud. Plaintiffs El Camino Resources, Ltd. and ePlus Group, Inc. are computer leasing companies that engaged in commercial transactions with Cyberco: El Camino purchased over $11.5 million in

computer equipment and ePlus Group over $14.5 million in computer equipment for purposes of leasing the equipment to Cyberco. Plaintiff Bank Midwest [1] is a national banking association that entered into a secured loan transaction with Cyberco in 2004 for $4.925 million. All three plaintiffs allege that they were the victims of fraud by Cyberco and that defendant Huntington National Bank, Cyberco's principal financial institution and depository, aided and abetted Cyberco's fraud. They therefore seek judgment against Huntington National Bank in an amount exceeding $30 million. …

\* \* \*

Plaintiffs' complaint asserts four counts against Huntington National Bank: aiding and abetting Cyberco's fraud (count I); aiding and abetting Cyberco's conversion of plaintiffs' funds (count II); statutory conversion (count III); equitable recovery of stolen property, unjust enrichment and constructive trust (count IV, brought by El Camino only). The gravamen of plaintiffs' claims against Huntington National Bank is that Huntington aided and abetted Cyberco in its fraud and that the bank accepted from Cyberco and its affiliate Teleservices Group "laundered money" that represented proceeds of the fraud worked by Cyberco on plaintiffs. …

*El Camino Res., Ltd. v. Huntington Nat.'l Bank,* Case No. 1:07-cv-598, 2007 WL 2710807, at \*1, 3 (W.D. Mich. September 13, 2007).

## II.  Legal Standard

Defendant filed this motion seeking judgment on the pleadings as to Count 1 (aiding and abetting fraud) pursuant to FED. R. CIV. P. 12(c).  For purposes of a motion pursuant to Rule 12(c), the complaint must be construed in the light most favorable to the nonmoving party; all well-pleaded material allegations of the pleadings must be taken as true; the motion is granted only when the moving party is entitled to judgment as a matter of law.  *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007)*; Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group, a Div. of Reed Elsevier Group, PLC,* 463 F.3d 478, 487 (6th Cir. 2006).  A complaint must

---

[1] Plaintiff Bank Midwest has since voluntarily dismissed its claims with prejudice and is no longer involved in this action.

present "enough facts to state a claim to relief that is plausible on its face."[2]  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544; 127 S. Ct. 1955, 1974 (2007).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b); *see also United States ex rel. Poteet v. Medtronic, Inc.,* 552 F.3d 503, 518 (6th Cir. 2009).  However, even under the heightened pleading standard of Rule 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FED. R. CIV. P. 9(b); *see also Poteet,* 552 F.3d at 518.  A complaint is generally sufficient under Rule 9(b) with respect to an allegation of fraud if it alleges the time, place, and content of the alleged misrepresentation on which the victim relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.  *Poteet,* 552 F.3d at 518; *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003).  The complaint must enable the defendant to prepare an informed pleading responsive to the specific allegations of fraud.  *Poteet,* 552 F.3d at 518.

### III.  Discussion

Having carefully considered the complaint and the parties' briefs, the Court is persuaded that plaintiffs have stated a claim of aiding and abetting fraud sufficient to withstand dismissal based on the pleadings.  The parties agree that Michigan law applies to plaintiffs' claim of aiding and abetting fraud, and that absent a definitive ruling from the Michigan Supreme Court, this Court, sitting in

---

[2] Although there is some question concerning the scope of *Twombly* beyond the federal antitrust context, *Commercial Money Ctr.*, 508 F.3d at 337 n.4, the parties cite *Twombly* in setting forth the standard for the motion in this case, and the Court sees no reason that the standard enunciated in *Twombly* should not apply with regard to this motion.

diversity, must decide what rule the Michigan Supreme Court would apply (Def. Br. 5, Pls. Resp. 10).  As stated by the Sixth Circuit Court of Appeals:

> In applying Michigan law, "we follow the decisions of the state's highest court when that court has addressed the relevant issue." *Talley v. State Farm Fire & Cas. Co.,* 223 F.3d 323, 326 (6th Cir. 2000).  If the issue has not been directly addressed, we must "anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court." *In re Dow Corning Corp.,* 419 F.3d 543, 549 (6th Cir. 2005).  "Intermediate state appellate courts' decisions are also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently." *Id.*

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.,* 511 F.3d 535, 541-542 (6th Cir. 2007).

In *Ososki v. St. Paul Surplus Lines,* 156 F. Supp. 2d 669, 674 (E.D. Mich. 2001), the court elaborated on the authority that may be considered in these circumstances:

> [T]he defendant has invoked this Court's jurisdiction on the basis of diversity of citizenship.  In federal cases based on diversity jurisdiction, the court must apply the law of the state's highest court. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).  If the state's highest court has not decided an issue, then "the federal court must ascertain the state law from 'all relevant data.'" *Garden City Osteopathic Hosp. v. HBE Corp.,* 55 F.3d 1126, 1130 (6th Cir. 1995) (quoting *Bailey v. V & O Press Co.,* 770 F.2d 601, 604 (6th Cir. 1985)). "Relevant data" includes [sic] the state's intermediate appellate court decisions, *id.*, as well as the state supreme court's relevant *dicta*, "restatements of law, law review commentaries, and the 'majority rule' among other states." *Angelotta v. American Broad. Corp.,* 820 F.2d 806, 807 (6th Cir. 1987).

No published opinion of the Michigan courts has yet addressed the elements of aiding and abetting fraud.  The Michigan Court of Appeals has referenced, in an unpublished opinion, the elements as those generally accepted by other courts pursuant to the Restatement (Second) of Torts § 876. *Chase Bank of Texas, N.A. v. Grant Thornton LLP,* Case No. 236237, 2003 WL 21350362, at *4 (Mich. Ct. App. June 10, 2003).  However, such fleeting reference to a claim of aiding and

abetting fraud is hardly definitive authority for determining how the Michigan Supreme Court would rule in this case.

Although the parties provide extensive reference to case law from other jurisdictions in arguing the nuances of aiding and abetting, and fraud, the Court finds this authority only minimally helpful to the extent that the cited authority is jurisdiction-specific or does not fully account for the case-specific circumstances.  Considering the generally recognized principles applicable to this area of law, the Court finds no basis for dismissing plaintiffs' aiding and abetting fraud claim.

Section 876 provides:

> one is subject to liability if he (a) does a tortious act in concert with [another] or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

*Bariteau v. PNC Financial Services Group, Inc.,* 285 Fed. Appx. 218, 224, 2008 WL 2669688, *6 (6th Cir. 2008) (quoting Restatement (Second) of Torts § 876 (1979)).

Under the law of most states, the substantive elements of aiding and abetting fraud are:

"(1) the existence of an *underlying fraud*;

(2) *knowledg*e of this fraud on the part of the aider and abettor, and;

(3) *substantial assistance* by the aider and abettor in perpetration of the fraud."

Richard C. Mason, *Civil Liability for Aiding and Abetting*, 61 BUS. LAW. 1135, 1146 (2006).

Likewise, the Sixth Circuit has recognized that "[a] claim under § 876(b) has 'two elements: (1) knowledge that the primary party's conduct is a breach of duty and (2) substantial assistance or encouragement to the primary party in carrying out the tortious act.'" *Bariteau,* 285 Fed. Appx. at 224-25 (quoting *Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 533 (6th Cir. 2000)

(internal quotation marks omitted).  Although the court in *Bariteau* was applying Kentucky law and the court in *Aetna Casualty* was applying Ohio law, the courts' explication of aiding and abetting principles generally coincides with the principles recognized by most courts under § 876.  *See* Mason, *supra*, 61 Bus. Law. 1135.

Defendant argues that plaintiffs' complaint fails to allege the requisite elements of a claim of aiding and abetting fraud.  The Court disagrees.

For the purposes of establishing aiding and abetting liability, "[t]he requisite intent and knowledge may be shown by circumstantial evidence."  *Aetna Casualty,* 219 F.3d at 535-537.  The exact level of knowledge necessary for liability remains flexible and must be decided on a case-by-case basis.  *Id.* at 536.  In considering whether a defendant had knowledge of wrongdoing, courts have considered various factors, such as atypical business procedures, prolonged involvement with the fraud actor, and the relevance of motive, e.g., financial gain or benefit.  Mason, *supra*, 61 Bus. Law. 1148-1153.  Plaintiffs allege such factors in this case to support their allegations of actual knowledge or an inference of knowledge.  (*See, e.g.,* Compl. ¶¶ 48-63, 76-77, 81-85, 99-104, 115, 134-143.)

Likewise, plaintiffs' allegations are sufficient with regard to substantial assistance.  To establish this element, the plaintiff must show that the secondary party proximately caused the violation, or, in other words, that the encouragement or assistance was a substantial factor in causing the tort.  *Aetna Casualty,* 219 F.3d at 537.  In *Aetna Casualty*, the court noted factors that may be relevant:

> [T]he comments to section 876 of the Restatement provide a list of five factors: "the nature of the act encouraged, the amount of assistance given by the defendant, his presence or absence at the time of the tort, his relation to the other and his state of mind." Additionally, the court in *Halberstam* [*v. Welch,* 705 F.2d 472,

478 (D.C. Cir. 1983)] provided a sixth factor, the duration of the assistance provided. Finally, the alleged substantial assistance must be the proximate cause of plaintiffs' harm.

*Aetna Casualty,* 219 F.3d at 537. As plaintiffs point out, the complaint in this case alleges sufficient facts in this regard. (*See, e.g.,* Compl. ¶¶ 64-71, 75-80, 85-129, 138-142.)

Considering general legal principles recognized by other courts for purposes of this motion only,[3] the Court finds the requisite elements sufficiently alleged in the complaint. Defendant's motion is properly denied.

## IV. Conclusion

For the foregoing reasons, this Court DENIES Defendant's Motion for Judgment on the Pleadings as to Count 1 of the Complaint (Dkt 112). An Order will be entered consistent with this Opinion.

DATED: February 20, 2009        /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge

---

[3] Any explication of the specific principles applicable to this case would be premature in the absence of any factual record to determine the case-specific circumstances presented. This is particularly so given defendant's forthcoming motion for summary judgment on the same grounds, following extensive discovery in this case.

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL CAMINO RESOURCES, LTD., et al.,

        Plaintiffs,                           Case No. 1:07-cv-598

v.                                                 HON. JANET T. NEFF

HUNTINGTON NATIONAL BANK,

        Defendant.
_____/

**ORDER**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings as to Count 1 of the Complaint is **DENIED** (Dkt 112).

DATED: February 20, 2009         /s/ Janet T. Neff_____
                                     JANET T. NEFF
                                     United States District Judge