# Memorandum

**To:**     Counsel of Record

**From:**   Joseph G. Scoville, US Magistrate Judge

**Re:**     El Camino Resources Ltd. et al.  v. The Huntington Nat'l Bank
            Case No. 1:07 cv 598

**Date:**   August 7, 2009

___

I am requesting further explanation of El Camino's unjust enrichment claim. Plaintiffs' brief (doc. # 516 at 72-75) appears to present the theory that "defendant's inequitable conduct provided it with benefits that originated with the plaintiff." (Id. at 72). At oral argument, Mr. Graham presented a different theory, one that appears not to require any showing of inequitable conduct by defendant:

> ```
> Our theory is very simple. If a person who
> commits a criminal act of taking somebody's
> money and for whatever reason uses that money
> to pay off the debt of another, the victim
> should be able to knock on the bank's door and
> say, Between myself, the innocent victim, who
> everybody agrees was the victim of a crime,
> and the bank who received a windfall payment
> from someone that didn't owe them any money
> and didn't owe them any obligation, in
> balancing those under the two-prong test of
> the Michigan Supreme Court, you are unjustly
> holding those funds and should return them.
>
> THE COURT: It's sort of like a bona fide
> purchaser analysis?
>
> MR. GRAHAM: Well, that is exactly the analysis
> that the courts go through.
> ```

(Tr, doc. # 573 at 67).

I cannot locate any authority in plaintiffs' brief supporting the latter theory. I am therefore requesting that plaintiffs file a supplemental brief, of no more than five pages, setting forth authorities under Michigan law that support this theory of recovery for unjust enrichment. I would like to have this no later than next Wednesday, **August 12, 2009** if possible. Defendant may file a response of like length by Friday, **August 14.**

Thank you.