UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EL CAMINO RESOURCES, LTD. and
ePLUS GROUP, INC.,

    Plaintiffs,

v

HUNTINGTON NATIONAL BANK,

    Defendant.
_____/

Case No. 1:07-cv-598

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiffs filed this action against Defendant Huntington National Bank, seeking recovery for millions of dollars in losses sustained as a result of alleged fraudulent business dealings with a bank customer, Cyberco Holdings, Inc., and Defendant's handling of its Cyberco accounts. Plaintiffs' Complaint alleged four counts: Count 1—aiding and abetting Cyberco's fraud; Count 2—aiding and abetting Cyberco's conversion of Plaintiffs' funds; Count 3—statutory conversion under MICH. COMP. LAWS § 600.2919a; and Count 4—a claim by Plaintiff El Camino Resources for equitable recovery of $1.945 million on a theory of unjust enrichment.

Following extensive and lengthy discovery, presided over by Magistrate Judge Joseph G. Scoville, Defendant filed a motion for summary judgment (Dkt 512) as to all claims. The motion briefs and exhibits submitted by the parties exceeded several thousand pages. The Court referred the Motion to Magistrate Judge Scoville, who conducted oral argument, and after receiving

supplemental briefing, issued a comprehensive Report and Recommendation, recommending that this Court grant Defendant's Motion as to Counts 1, 2 and 3, and deny the Motion as to Count 4.

The matter is now before the Court on Plaintiffs' Objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Having fully considered the parties' arguments and supporting documentation, the Court denies Plaintiffs' Objections.

This case has been contentiously and exhaustively litigated for three years. The parties, and the Court, through the diligent and painstaking efforts of Magistrate Judge Scoville, have "left no stone unturned" in the advocacy and resolution of the claims and legal arguments presented. Magistrate Judge Scoville has issued a thorough and well-reasoned Report and Recommendation. He has exhaustively researched and masterfully distilled the issues in this case. Having considered Plaintiffs' allegations of error in objection to the Report and Recommendation, Defendant's Response, and both parties' positions on proffered supplemental authority, the Court finds no factual or legal vulnerability in Magistrate Judge Scoville's reasoning or conclusions.

Plaintiffs first challenge the Report and Recommendation on the basis of the Magistrate Judge's review of the foundation evidence. Plaintiffs contend that the Report and Recommendation ignored evidence showing Defendant's knowledge of Cyberco's scheme. Plaintiffs point to four categories of "knowledge" evidence purportedly disregarded by the Magistrate Judge: (1) evidence that Defendant knew about a "Circle of Fraud" (Pls. Obj. at 4); (2) evidence that Defendant lacked a legitimate answer to the "$50 million Question" of "So where did all this money come from?" (*id.* at 7-8); (3) evidence that Defendant engaged in an internal cover-up—a conscious decision to

withhold information about the "bad" Cyberco from key bank personnel responsible for interacting with Cyberco (*id.* at 7); and (4) evidence of atypical banking behavior in which Defendant engaged to avoid exposing Cyberco's fraudulent scheme (*id.* at 10).

These allegations of error ring hollow for the same fundamental reason that Plaintiffs' arguments on the knowledge issue failed before the Magistrate Judge—they lack substance. Plaintiffs point to no legally significant shortcomings in the Magistrate Judge's consideration of the record evidence. Instead, Plaintiffs' cited categories of knowledge "evidence," e.g., the "Circle of Fraud" and the "$50 million Question," are more properly characterized as elusive theories that lack any concrete evidentiary basis. This is simply a further attempt by Plaintiffs to, in their own words, "sketch out the inference that [Defendant] knew about the Cyberco *circle of fraud* and the origins of the $50 million" (Pls. Obj. at 2), which falls far short under the applicable legal standards to withstand summary judgment. Plaintiffs' objections to the Magistrate Judge's assessment of the record evidence are therefore rejected.

Plaintiffs also advance six objections to the Magistrate Judge's legal conclusions in the Report and Recommendation, none of which this Court finds meritorious. Foremost, contrary to Plaintiffs' contention (Pls. Obj. at 13), the Magistrate Judge's *Erie*[1] analysis was not improper, but was instead comprehensive and soundly reasoned. Plaintiffs' criticisms of this thoughtful and thorough analysis, such as that the Magistrate Judge cited *37 new cases* not cited by the parties (*id.*), are not persuasive allegations of error.

Plaintiffs' remaining attacks on the Magistrate Judge's well-founded legal conclusions are likewise unpersuasive. Plaintiffs' objections are directed at the Magistrate Judge's assessment of

---

[1] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

the legal standard for aiding and abetting, and more specifically, the tests for "actual knowledge" and "substantial assistance." Plaintiffs contend that the Magistrate Judge improperly applied a "super" aiding and abetting test and improperly imported this "super scienter standard" into the standard for statutory conversion under MICH. COMP. LAWS § 600.2919a (Pls. Obj. 22-23). The Court disagrees. The legal standards applied by Magistrate Judge Scoville are fully supported by applicable and proper authority. Contrary to Plaintiffs' arguments, the Report and Recommendation does not create a "new *super* aiding and abetting claim" (*id.* at 22). Plaintiffs have advanced no legitimate objection to the Report and Recommendation's legal conclusions.

Having fully considered Plaintiffs' objections in light of the extensive legal analysis set forth in the Report and Recommendation, this Court is left with no doubt that Magistrate Judge Scoville was successful in his endeavor to properly, logically, methodically, and clearly reach the appropriate ultimate conclusions with regard to summary judgment of Plaintiffs' claims. There is no benefit in this Court rehashing, or even attempting to supplement, the legal analysis of Plaintiffs' claims in response to the objections raised.

Magistrate Judge Scoville has addressed the legal standards and the validity of each claim with great clarity in the Report and Recommendation. He properly found evidentiary and legal support lacking to sustain Counts 1, 2 and 3 of Plaintiffs' Complaint.

The supplemental authority submitted to the Court by Defendant, *Miles Farm Supply, LLC v. Helena Chemical Co.*, 595 F.3d 663 (2010) (Dkt 598), bolsters the legal grounds for Magistrate Judge Scoville's ultimate conclusions and further defeats Plaintiffs' challenges to the Report and Recommendation. In *Miles*, the Sixth Circuit Court of Appeals, on February 25, 2010, again sanctioned the "actual knowledge" standard, applied by Magistrate Judge Scoville, as an essential

threshold to survive summary judgment of a civil aiding-and-abetting claim such as that advanced in this case. As in *Miles*, Magistrate Judge Scoville effectively found no "chain of reasonable inferences" that would establish the requisite elements of actual knowledge and substantial assistance—entirely proper conclusions given the record in this case. *See id.* at 666-68.

The Magistrate Judge's thoroughly researched and tightly-reasoned Report and Recommendation exhibits an intellectual rigor and discipline absent from Plaintiffs' submissions in this case, including the objections before this Court. The Magistrate Judge unmasks Plaintiffs' elaborate, but ultimately unsupportable, attempt to impose liability where the law clearly does not provide for it and where there was neither direct nor circumstantial evidence to support it. The Magistrate Judge's daunting task was necessary to an analysis of the tangled legal landscape created by Plaintiffs' overly contentious prosecution of this case. Plaintiffs have chosen the wrong forum to argue for a fundamental change in Michigan law—a change they urge to suit only their own narrow interests.

For all these reasons, the Court appreciatively adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. The Court concludes that additional argument before this Court on the issues presented would be futile and an unnecessary expenditure of time and resources for all concerned.[2] Plaintiffs' Motion for Oral Argument on the Objections (Dkt 586) is therefore denied.

---

[2]The parties continue to be embroiled in litigation in the bankruptcy court involving both Cyberco and Teleservices, Inc., a related corporation (*see* Rep. and Rec. at 4, 6, 8), seeking the resolution of claims in part duplicative of those presented in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Objections (Dkt 585) are DENIED and the Report and Recommendation (Dkt 581) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Oral Argument on the Objections (Dkt 586) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt 512) is GRANTED IN PART and DENIED IN PART; Defendant's Motion is granted with respect to all claims in Counts 1, 2 and 3 of Plaintiffs' Complaint; Defendant's Motion is denied with respect to Count 4 of Plaintiffs' Complaint.

Partial Summary Judgment will be entered consistent with this Opinion and Order.


Dated: July 1, 2010 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge