UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

EL CAMINO RESOURCES, LTD., et al.  )
                                    )
                    Plaintiffs,     )      Case No. 1:07-cv-598
                                    )
v.                                  )      Honorable Janet T. Neff
                                    )
HUNTINGTON NATIONAL BANK,           )
                                    )
                    Defendant.      )
_____ )

**REPORT AND RECOMMENDATION ON**
**<u>PLAINTIFFS' MOTION FOR RECOVERY OF EXPERT WITNESS FEES</u>**

Plaintiffs have moved pursuant to Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure to recover fees charged by their expert witnesses in connection with depositions taken in this case by defendant.  Defendant opposes the motion, arguing that a non-prevailing party has no right to seek relief under Rule 26(b)(4)(E) after the entry of judgment and, alternatively, that the fees sought by plaintiffs are excessive.  District Judge Janet T. Neff has referred plaintiffs' motion to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(3).  Upon review of the submissions of the parties, I conclude that plaintiffs are entitled to recover reasonable fees under Rule 26(b)(4)(E), but that the fees sought are excessive.

## Discussion

### A.

Even after the entry of final judgment and pursuit of an appeal, the parties remain locked in a battle to the death, neither asking nor giving quarter.  The latest collieshangie began when defendant filed a bill of costs seeking, among other things, an award of $34,945.00 for time spent by defendant's expert witnesses in being deposed by plaintiffs' counsel, including preparation time. Plaintiffs objected, relying on the rule of *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987), which holds that a prevailing party is not entitled to tax as costs under Rule 54 the fees paid to its own expert witnesses, absent contractual or statutory authority to the contrary.  After Judge Neff referred the matter to me, I concluded that the *Crawford Fitting* rule did not preclude an award to defendant, because Rule 26(b)(4)(E)(1) provides authority independent from Rule 54 for the award of certain expert witness expenses.  The rule states that the court *must* require that a party deposing the opponent's expert witness "pay the expert a reasonable fee for time spent in responding to discovery."[1]  I further concluded that defendant's decision to seek such fees in a bill of costs filed under Rule 54(d) was technically improper, but harmless, citing cases in which other courts had overlooked this formal error.  I therefore recommended that defendant's request for reimbursement be granted.

The court has not yet acted on that report and recommendation.  During the pendency of defendant's claim for reimbursement, plaintiffs filed their own motion for reimbursement of expert witness fees incurred as a result of defendant's deposition.  Having been absolved of its own

---

[1] The substantive provisions of Rule 26(b)(4)(E) appeared in Rule 26(b)(4)(C) until the 2010 rule amendments.

real, but immaterial error in seeking expert fees in a bill of costs, defendant concocts an imaginary objection to plaintiffs' request for the same relief.  Defendant's initial objection is that no statute, rule or case authority allows a non-prevailing party to seek such reimbursement after the entry of judgment.   Defendant's objection is neither consistent nor coherent.   Plaintiffs' right to reimbursement for such expert witness fees arises solely from Rule 26(b)(4)(E), the same authority that gave defendant the right to seek reimbursement for the same sort of expenses.  Rule 26(b)(4)(E) does not grant relief only to prevailing parties.  It provides in plain language that the party seeking discovery must pay the expert a reasonable fee for time spent in responding to that discovery.  It has nothing to do with prevailing parties.  *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 333 (5th Cir. 1995) ("But Rule 26(b)(4)(C) applies to both parties, not just the prevailing party."); *Se-Kure Controls, Inc. v. Vanguard Prods. Group, Inc.*, No. 02 C 3767, ___ F. Supp. 2d ___, 2012 WL 2741044, at * 10 (N.D. Ill. July 5, 2012) ("Thus, the plain language of the rule suggests that both prevailing parties and losing parties are entitled to recover their expert witness fees under Rule 26(b)(4)(E), unless the Court concludes that manifest injustice would result.").  Both *Kellstrom* and *Se-Kure* award fees to a non-prevailing party on the basis of a post-judgment motion.  Defendant's attempt to deny recovery under Rule 26(b)(4) to plaintiffs on the ground that they were not the prevailing parties is frivolous.

Defendant also argues that plaintiffs somehow waived their right to reimbursement under Rule 26(b)(4) by waiting until after the judgment to file their motion.  The rule, however, imposes no time limit for seeking such relief.  "The Rules do not contain a time limit within which the court order for the expert's fees must be sought."  6 MOORE'S FEDERAL PRACTICE § 26.80[3][b] at 26-487 (3d ed. 2012).  The cases decided under the rule allow parties to seek reimbursement after

-3-

the entry of judgment, reasoning that the absence of a time constraint in the rule itself means that any party may seek relief within a reasonable time.  *Id.*; *see Kellstrom*, 50 F.3d at 336 (nine-month delay in filing motion not unreasonable in circumstances of case).  The district court has discretion in this regard, and its exercise is reviewable only for abuse.  *See Ellis v. United Airlines, Inc.*, 73 F.3d 999, 1011 (10th Cir. 1996) (*overruled on other grounds by Smith v. City of Jackson*, 544 U.S. 228 (2005)).   As defendant sought its expenses after the entry of judgment,[2] a request that remains pending before the court, it is difficult to conclude that plaintiffs waited unreasonably long before seeking recovery of their own expenses.

In short, defendant's objection to the award of expert witness fees under Rule 26(b)(4)(E) is insubstantial.  Defendant's attempt to differentiate between prevailing and non-prevailing parties is unsupported by the language of Rule 26 or the case law, as the right to recover expert witness fees has nothing to do with prevailing party status.

## B.

A summary of the hours and hourly rates for which plaintiffs seek compensation is found at docket # 661-4 at ID# 9291.  This summary shows that plaintiffs seek an award of $62,523.00 for time spent on discovery by five experts.  Defendant is on more solid ground when it objects to the reasonableness of the expert witness fees sought in plaintiffs' motion.  Although Rule 26(b)(4)(E) is mandatory in the sense that the court may not entirely refuse to direct payment, "it is up to the district court to determine what is a reasonable fee."  8A CHARLES ALAN WRIGHT,

---

[2] Defendant argues that its request was timely, because it was contained in a timely bill of costs.  The cases universally hold, however, that such expert fees are not recoverable in a bill of costs.  So, either both parties could seek relief after judgment, or neither could.  Defendant cannot have it both ways.

-4-

ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2034 at 132 (3d ed. 2010).   In the present case, defendant objects to the request for $62,523.00 as manifestly unreasonable.

Defendant does not dispute the hourly rates claimed by plaintiffs' experts, with one exception.   Defendant opposes the practice of witnesses Francis and Passemard in charging an increased rate for depositions.   Both witnesses charge $550 per hour for deposition time but $450 for other activities.   Cases can be found on both sides of this issue, although none of them analyze the issue in any detail.   In my opinion, the better rule is in favor of allowing experts to charge a "modestly higher rate" for depositions, in light of the greater stress and disruption to the witness's schedule inherent in depositions.   *See Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 547 (D. Ariz. 1999); *accord Seals v. Mitchell*, No. CV-04-3764, 2011 WL 1667166, at * 2 (N.D. Cal. May 3, 2011).   A $100 premium, or 22%, appears to fall within the category of a "modestly higher rate" and should be allowed.

Defendant's objection to the hours charged by plaintiffs' experts takes two forms. First, defendant asserts that three of plaintiffs' experts charge for time in excess of that which was actually spent in deposition.   Second, defendant objects to the claimed preparation time as excessive and unsupported by the detail provided by the experts' time records.   On review of the time records, I substantially agree with defendant's criticisms.

Hours Spent in Deposition.   Without question, plaintiffs are entitled to compensation for the time their experts spent in depositions.   The problem in this case is that plaintiffs' experts generally charged for time well in excess of the actual time spent in deposition.   Defendant has

-5-

provided to the court verification, either from the court reporter or from the face of the transcript, of the time expended in each expert deposition.  (docket # 663-1 at ID#s 9314-20).  Defendant objects to the fees claimed by three of plaintiffs' experts on the ground that claim exceeds the time actually spent in deposition:

| Witness | Claimed Hours | Actual Hours |
|---------|---------------|--------------|
| Levko | 8 | 3.5 |
| Djinis | 8 | 4.5 |
| Passemard | 4 | 1.5 |

Plaintiffs attempt to justify the discrepancy in two ways, neither of which is persuasive.  First, plaintiffs rely on cases employing a multi-factor test to judge the reasonableness of fees awarded under Rule 26(b)(4).  *See, e.g., Snook v. County of Oakland*, No. 07-14270, 2009 WL 928753, at * 3 (E.D. Mich. Mar. 31, 2009) (applying six-factor test, including the witness's area of expertise, the education and training necessary to provide the necessary testimony, the prevailing rates of other comparable experts, and the complexity of the issues).  These factors, however, are helpful only in determining an appropriate hourly rate, a question not at issue here.  None of the cases cited by plaintiffs holds that an expert may charge for deposition hours that he did not expend merely because he is exceedingly qualified or the case is complex.  The multi-factor analysis is of little or no help on this issue.  Second, plaintiffs assert that a witness should be able to charge up to seven hours for a deposition, because that is the amount of time allowed by Rule 30 for depositions, or should be able to charge a minimum time for depositions.  Plaintiffs cite no cases adopting this fictitious, "block-billing" approach to reasonableness under Rule 26.  In fact, the federal courts reject a "flat fee" approach to awarding expert fees for depositions, holding that the award must be based on the

time actually expended in responding to discovery. *See Mannarino v. United States*, 218 F.R.D. 372, 375 (E.D.N.Y. 2003).   The time claimed for witnesses Levko, Djinis and Passemard for their depositions must be limited to the actual time expended, as shown above.

Travel Time.   Time reasonably spent traveling to and from a deposition is generally compensable under Rule 26.   *New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 472 (W.D.N.Y. 2002).   The invoice submitted by Mr. Djinis (docket # 661-5 at ID# 9299) discloses some time for travel from Sarasota to Tampa, Florida on October 28, 2008, but it is not possible to differentiate this time from time spent on other matters that day.   As Sarasota is approximately sixty miles from Tampa, three hours' travel time would appear to be sufficient.   The remaining witnesses do not provide enough detail for an allotment of travel time.

Preparation Time.   The lower courts are split on the compensability of time spent preparing for a deposition.   Some courts hold that preparation time is generally not compensable. *See M. T. McBrian, Inc. v. Liebert Corp.*, 173 F.R.D. 491, 493 (N.D. Ill. 1997).   Other courts adopt a case-by-case approach, considering factors such as the complexity of the issues and the length of time between completion of the expert's report and the deposition.   *See Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 729 F. Supp. 2d 246, 255 (D.D.C. 2010).   Other courts compensate for preparation time, but limit it to some multiple of the deposition time to prevent abuse.   *See Packer v. SN Servicing Corp.*, 243 F.R.D. 39, 42-43 (D. Conn. 2007).   It appears that a "slim majority" of district courts allows reimbursement for preparation time.   *See Ndubizu v. Drexel Univ.*, No. 07-3068, 2011 WL 6046816, at * 2 (E.D. Pa. Nov. 16, 2011).

-7-

The tension disclosed in this split of authority arises from the disinclination of many courts to shift to the opposing party expert witness fees that would have been incurred in any event as part of generating the expert's opinion or preparing for trial. Wright & Miller correctly identifies the competing considerations:

> Compensation for time spent preparing for the deposition has proved a divisive issue. As noted above, the open-ended possibility that much ordinary trial preparation might be charged to the opponent by this device warrants caution. At the same time, it is hard to deny that the deposition-preparation process, like the deposition itself, requires additional effort by the expert for which he or she is likely to insist on being paid.

8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2034 at 136. The fairest approach in applying Rule 26(b)(4)(E) is to identify those expert witness fees directly related to preparation for the expert's deposition. This is a type of "but for" causation: but for the request by defendant to depose plaintiffs' experts, what expert witness fee could plaintiffs have avoided?

The documentation provided by plaintiffs' experts is generally insufficient to identify time truly spent in preparation for depositions -- time that would not have been spent but for defendant's discovery efforts. Witness Levko, for example, requests 66 hours -- a solid week and a half -- to prepare for a three-hour deposition. Mr. Levko's time records (docket # 661-5 at ID# 9298) are exceedingly vague and make no effort, on their face, to identify time spent in preparation for his deposition. The allocation of time to deposition preparation appears to be pure guesswork The only time in the records of Mr. Djinis identified as spent in preparing for his deposition appears on the entry for 10/29/2008 and is lumped in with the time spent in travel and in the deposition itself.

(*Id.* at ID# 9300).  This witness's time records do not remotely support the claim for 29.9 hours preparation time.

The burden of showing reasonableness under Rule 26(b)(4)(E) is on the party seeking reimbursement.  *Barnes v. Dist. of Columbia*, 274 F.R.D. 314, 316 (D.D.C. 2011).  The documentation presented by plaintiffs fails to establish the reasonableness of the preparation time sought.  In such circumstances, a denial of all claims for preparation time would be justified.  Defendant suggests as an alternative that the court adopt the approach applied by some courts, pursuant to which a ratio of three hours of preparation time to one hour of deposition time is deemed reasonable in complex cases.  *See, e.g., L.G. Elec. U.S.A., Inc. v. Whirlpool Corp.*, No. 08-C-0242, 2011 WL 5008425, at * 5 (N.D. Ill. Oct. 20, 2011).  Plaintiffs object to this approach, asserting that it is unique to the Northern District of Illinois and has not been adopted in other jurisdictions.  Plaintiffs are incorrect in labeling this approach as idiosyncratic -- a number of district courts apply a ratio-based approach, and many adopt a ratio lower than three-to-one.  *See Packer*, 342 F.R.D. at 42-43 (collecting cases and applying a 1-to-1 ratio).  Beyond that, this rule of thumb provides at least a fair measure of reasonableness in an area subject to a "great risk of abuse," *Packer*, 342 F.R.D. at 42, if not carefully monitored.  Given the inadequacy of the time records presented by plaintiffs' experts and the apparently arbitrary amounts of time claimed for "deposition preparation," I find that the 3-to-1 ratio applied in the Northern District of Illinois and other courts provides a fair and reasonable approximation of the time that an expert witness should have expended in this case.

Application of the foregoing findings leads to the following results.

| Deponent | Deposition | Travel | Preparation | Hourly rate | Total |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
| Levko | 3.5 |  |  | $    450.00 | $    1,575.00 |
|  |  |  | 10.5 | $    450.00 | $    4,725.00 |
| Djinis | 4.5 | 3 |  | $    300.00 | $    2,250.00 |
|  |  |  | 13.5 | $    450.00 | $    6,075.00 |
| Passemard |  |  | 4.5 | $    450.00 | $    2,025.00 |
|  | 1.5 |  |  | $    550.00 | $      825.00 |
| Francis* | 4 |  |  | $    550.00 | $    2,200.00 |
|  |  |  | 9.8 | $    450.00 | $    4,410.00 |
| Broucek** | 3.5 |  |  | $    350.00 | $    1,225.00 |
|  |  |  | 8.25 | $    350.00 | $    2,887.50 |
|  |  |  |  |  | $  28,197.50 |
|  |  |  |  |  |  |
| *no objections except as to  hourly rate for deposition |  |  |  |  |  |
| **no objections |  |  |  |  |  |
|  |  |  |  |  |  |

There are no "extreme circumstances that would render this award unjust. *See Se-Kure Controls*, 2012 WL 2741044, at * 14. Plaintiff should therefore be granted reimbursement in the amounts shown above.

## **Recommended Disposition**

I recommend that plaintiffs' motion for payment of expert witness fees (docket # 660) be granted in part and denied in part, and that plaintiffs be awarded $28,197.50 for expert witness fees under Rule 26(b)(4)(E).

Dated:   September 18, 2012              /s/  Joseph G. Scoville
                                        United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).   General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).

-11-